**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | ) Case No. CF 0363-14 |
| | ) |
| vs. | ) |
| | ) **DECISION AND ORDER ON** |
| JOHNNY B. ATALIG, | ) **PEOPLE'S MOTION IN LIMINE TO** |
| | ) **COMPEL DEFENDANT TO SHOW** |
| | ) **TATTOOS FOR IDENTIFICATION** |
| | ) **AT TRIAL** |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on October 16, 2014 upon the People of Guam's ("the People") Motion in Limine to Compel Defendant Atalig to Show Tattoos for Identification at Trial. Attorney Leevin T. Camacho represents Defendant and Assistant Attorney General James C. Collins represents the People. For the reasons set forth below, the Court GRANTS the Motion.

## BACKGROUND

On July 29, 2014, a grand jury indicted Defendant on Burglary in violation of 9 G.C.A. §§ 37.20(a) and 37.20(b), and Theft in violation of 9 G.C.A. §§ 43.30(a) and 43.20(a). The Indictment alleges that Defendant committed the above acts in a game room in Harmon on July 14, 2014. Officers recovered surveillance video from the premises, which shows a person the



People allege is Defendant enter and leave the scene. The recording also shows that the person in the video has dark coloration on the back of the person's right hand and left arm, which the People allege are tattoos. According to a Department of Corrections commitment sheet, Defendant has both a "spider-web tattoo on the right hand" and "praying hands on the left arm." (People's Mot. to Compel Def., 2:3-5).

On September 11, 2014, the People submitted their Motion in Limine to Compel Defendant to Show Tattoos for Identification at Trial. Defendant filed his Opposition to the Motion on September 26. On October 16, the Court heard oral arguments, received video evidence, and took the matter under advisement.

On October 20, 2014, the Court issued a brief order granting the People's Motion. It now issues an extended Decision and Order.

## DISCUSSION

Compelling Defendant to show his tattoos at trial violates neither the Fifth Amendment right against self-incrimination nor Guam Rule of Evidence 403.

### I. Fifth Amendment Right Against Self-Incrimination

The first issue is whether the Fifth Amendment right against self-incrimination protects Defendant from showing his tattoos at trial. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This right "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." Pennsylvania v. Muniz, 496 U.S. 582, 589 (1990) (citations omitted).

It is well-settled that a defendant's physical characteristics are typically non-testimonial. See Holt v. United States, 218 U.S. 245, 252-53 (1910) (finding the Fifth Amendment does not require "an exclusion of [a defendant's] body as evidence when it may be material"); see also People v. Rasauo 2011 Guam 1 ¶ 30 ("[P]hysical tests . . . are deemed non-testimonial when they consist of observations of the suspect's physical condition and performance and do not result in communication that reveals subjective knowledge by the defendant."); United States v. Bay, 762 F.2d 1314, 1315 (9th Cir. 1984) (noting that a "display of hands is non-testimonial," and that "this has been repeatedly held in cases in which the government seeks to compel a defendant to show various types of physical characteristics to the jury").

Although the Guam Supreme Court has yet to address the question, courts that have extend this logic to the government's use of tattoos for identification purposes.[1] See e.g., State v. Wilson, 329 So. 2d 680, 681 (La. 1976) (finding that the privilege against self-incrimination does not "require an exclusion of the accused's body as evidence," including an accused's tattoos); Walker v. State, 706 So. 2d 1303, 1305 (Ala. Crim. App. 1997) (finding no Fifth Amendment violation where "the sole purpose of showing [the defendant's] tattoo . . . was for identification"); Bay, 762 F.2d at 1315.

The Court is satisfied that tattoos are similar to other physical characteristics, and their use for identification purposes is non-testimonial. The People's Motion thus raises no Fifth Amendment implications.

## II. Guam Rule of Evidence 403

The next issue is whether compelling Defendant to show his tattoos at trial violates the Guam Rules of Evidence. Rule 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 6 G.C.A. § 401. Even if relevant, evidence may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." 6 G.C.A. § 403 (emphasis added).

Tattoos can serve as demonstrative evidence to establish identity. See State v. Meade, 474 S.E.2d 481, 487 (W. Va. 1996) ("[I]t is not an abuse of discretion . . . to direct the accused to reveal or display [his] tattoos . . . where . . . relevant to the question of the identification of the perpetrator of the offense and where the trial court has weighed the probative value of such evidence against the danger of unfair prejudice."); see also State v. Gallegos, 853 P.2d 160, 161 (N.M. 1993) (citing Bay, 762 F.2d at 1315–16).

The Court has had an opportunity to review both the surveillance video and Defendant's tattoos. While it agrees with Defendant that the footage is somewhat "pixelated and unclear,"

---

[1] If the People were to compel Defendant to show his tattoos for purposes other than identification, it may in fact run afoul of the right against self-incrimination. See e.g., United States v. Greer, 631 F.3d 608, 613 (2d Cir. 2011) (citations omitted) (finding that because the "government relied on the tattoo not as an 'identifying physical characteristic' but for the 'content of what [was] written . . . [t]he tattoo was therefore testimonial").

(Def.'s Mot. in Opp'n to People's Mot. to Compel Def., 2:14-15) dark coloration around the area of the body where Defendant has tattoos is visible.

Defendant has moreover failed to satisfactorily establish why revealing his tattoos at trial would be unfairly prejudicial. The "mere fact that a defendant has tattoos is not inherently prejudicial." State v. Smith, 826 P.2d 344, 345-46 (Ariz. Ct. App. 1992). Furthermore, like in Smith, there has been no showing as to any "prejudicial associations" that Defendant's tattoos may connote. See id.

In fact, instances where the risk of unfair prejudice attendant to displaying tattoos substantially outweighs probative value are relatively limited. They may occur where the tattoos are used to prove gang membership. See e.g., United States v. Thomas, 321 F.3d 627, 631 (7th Cir. 2003) (citations omitted) (finding tattoos inadmissible in such cases because of the danger of the jury attaching a "propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict"). Another situation where tattoos may be inadmissible is where they depict a weapon similar to that involved in the offense at issue. See e.g., Belmar v. State, 621 S.E.2d 441, 444-45 (Ga. 2005).

Here, none of the above risks are present because, crucially, the People only intended to show Defendant's tattoos for identification purposes. The Court notes that at trial Defendant conceded the issue of identity, but this was not known to the Court prior to its ruling. Furthermore, even if the probative value of the tattoos was diminished by this concession, it was not so diminished as to be substantially outweighed by any unfair prejudice. The nexus between Defendant's tattoos and the dark coloration visible in the surveillance footage was thus sufficient to satisfy both the test of relevance and Rule of Evidence 403. The question of how much weight to afford such evidence—especially in light of the video quality—is the unique purview of the jury.

## CONCLUSION

In consideration of the foregoing, the Court hereby GRANTS the Motion such that the People may compel Defendant to show his tattoos at trial.

**IT IS SO ORDERED** this day of December 1, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I a____ ledge that a copy of the
or_____ hereto was placed in the
court box of:
L. Camacho/AG's

Date: 12/2/14   Time: 4:10p

Deputy Clerk, Superior Court of Guam